J. S29039/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PAIMAI A. BENOIT, | : | No. 3090 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered September 13, 2018,
in the Court of Common Pleas of Carbon County
Criminal Division at No. CP-13-CR-0000613-2017

BEFORE:  BENDER, P.J.E., LAZARUS, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:          **FILED JULY 23, 2019**

Paimai A. Benoit purports to appeal from the September 13, 2018 order entered in the Court of Common Pleas of Carbon County that denied his "Motion to Suppress All Evidence Obtained Through an Illegal Traffic Stop of [appellant's] Vehicle."  (Order of court, 9/13/18.)  We quash.

The record reflects that appellant was charged with three counts of driving under the influence[1] and two summary traffic violations.[2]  On September 13, 2018, the trial court denied appellant's omnibus pretrial motion to suppress evidence.  On October 11, 2018, appellant filed a notice of appeal

---

[1] 75 Pa.C.S.A. §§ 3802(d)(1)(i) (Schedule I controlled substance – second offense), 3802(3)(1)(iii) (metabolite – second offense), and 3802(d)(2) (impaired ability – second offense).

[2] 75 Pa.C.S.A. §§ 3309(1) (driving on roadways laned for traffic – single lane) and 3714(a) (careless driving).

purporting to appeal from the order denying his suppression motion. On April 29, 2019, this court entered an order directing appellant to show cause within ten days as to why this appeal should not be quashed as interlocutory. (Order of court, 4/29/19.) The show-cause order cautioned that failure to respond may result in quashal/dismissal of the appeal. (*Id.*) Appellant failed to respond. On May 10, 2019, this court discharged the show-cause order and referred the appealability issue to the merits panel. Regrettably, at no time has the Commonwealth filed a motion to quash this appeal, even though its brief acknowledged the interlocutory nature of this appeal.

It is well settled that a criminal defendant may not appeal from an order of a suppression court. **See Commonwealth v. Ivy**, 146 A.3d 241, 256 (Pa.Super. 2016) (citations omitted). An order denying a criminal defendant's motion for suppression is not a final, appealable order because it fails to dispose of all claims and of all parties. **See** Pa.R.A.P. 341(b)(1) ("[a] final order is any order that" "disposes of all claims and of all parties"). We have explained that an interlocutory order, which is not appealable as of right pursuant to Pa.R.A.P. 311, may only be appealed by permission of court pursuant to Pa.R.A.P. 1311. **Ivy**, 146 A.3d at 257. The record reflects that appellant did not seek permission of court to appeal the interlocutory order under Rule 1311. Therefore, the September 13, 2018 order denying appellant's suppression motion is not an appealable order. Consequently, we lack jurisdiction over this appeal.

J. S29039/19

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/19